[No. 19924. Department Two. October 21, 1926.]

L. S. WORTHINGTON et al., Respondents, v. MORELAND MOTOR TRUCK COMPANY, Appellant.[1]

[1] LANDLORD AND TENANT (112)—ACTION FOR RENT—PLEADING—SUFFICIENCY. A complaint for rent is not demurrable for want of sufficient facts because rent is claimed for a period after the execution of a lease to another, where the allegations as to the lease could be considered as surplusage and the balance sets out a cause of action.

[2] SAME (38)—TERM FOR YEARS—SURRENDER—WHAT CONSTITUTES. Where, prior to the expiration of a lease, there were negotiations relative to a future tenancy, a tenant holding over a few days cannot claim that he vacated the premises because of a demand to do so or execute a new lease.

[3] SAME (42)—TENANCY FROM MONTH TO MONTH—CREATION. Where a lessee vacated the premises prior to the expiration of the lease and others entered and paid rent thereunder, there was in effect an assignment of the lease, and upon the tenant's holding over

[1]Reported in 250 Pac. 30.

after the term, there was created a tenancy from month to month.

[4] SAME (44)—TENANCY FROM MONTH TO MONTH—TERMINATION. Under Rem. Comp. Stat., § 10619, providing that a tenancy from month to month shall be terminated by written notice of thirty days or more preceding the end of any of said months, a notice given November 3 did not terminate a tenancy commencing on the first of the month until the 31st day of December.

[5] SAME (44). Notice to terminate a month to month tenancy commencing on the first of the month, given November 3, informing the lessors that they can take possession on "this date," while not to be recommended, is sufficient to terminate the tenancy on December 31.

Cross-appeals from a judgment of the superior court for Spokane county, Lindsley, J., entered November 21, 1925, upon findings in favor of the plaintiffs, in an action for rent, tried to the court. Affirmed.

*James P. Stapleton,* for appellant.

*M. E. Mack* and *Maurice Smith,* for respondents and cross-appellants.

MAIN, J.—The purpose of this action was to recover rent claimed to be owing and unpaid. The trial was to the court without a jury and resulted in findings of fact, conclusions of law and a judgment sustaining a recovery in the sum of two hundred thirty dollars. From this judgment the defendant appeals. The plaintiffs prosecute a cross-appeal because they are dissatisfied with the amount of the judgment.

The facts may be summarized as follows: The parties will be referred to, since both appeal, as plaintiffs and defendant. On the 29th day of August, 1923, plaintiffs leased to Thomas W. Gill and O. M. Fahey the premises, known as 112 South Walnut street, in the city of Spokane. The rent reserved was one hundred fifteen dollars per month, payable on the first day of each and every month. The lease, by its terms, expired

August 31, 1924. On or about the first of May, 1924, Gill and Fahey vacated the premises and the defendant went into possession. Thereafter, until the expiration of the lease, each month the defendant paid the rent to Fahey and Gill in accordance with the terms of the lease, and they in turn paid it to Arthur D. Jones & Company, the agents for the owners, the plaintiffs.

During the month of August, 1924, before the lease expired, some negotiations took place between Jones & Company and representatives of the defendant relative to the latter continuing in possession after August 31, the day on which the lease expired. The defendant desired to remain in possession as a tenant from month to month, but the plaintiffs would not consent to this, and desired a written lease for the period of one year. The negotiations were never consummated. The lease to Gill and Fahey expired on August 31. On September 1, the defendant paid to the agents of plaintiffs the rent for that month. On October 1, it paid the rent for that month. On November 1, the defendant vacated the premises and sent a letter and the keys to Jones & Company, which were received by that company on the third or fourth of that month. The plaintiffs through their agents declined to accept the surrender of possession of the premises and notified the defendant that it would be held for the rent until the building could be leased to another tenant.

The present action, as originally instituted, sought to recover the rent for the month of November, which was all that was owing at the time the action was begun. When the cause came on for trial, the plaintiffs were permitted to file a supplemental or amended complaint by which recovery of the rent was sought, in addition to that of November, for the months of December, 1924, January, February, March and April, 1925. The trial,

as above stated, resulted in holding the defendant liable for two months rent, that is, for the months of November and December, 1924. As to the other months, a recovery was denied.

[1] The defendant first claims that the complaint did not state a cause of action, in that it was based upon a lease to which it was not a party and which by its terms had expired. There are in the complaint a number of allegations with reference to the lease, but the gravamen thereof was a recovery of rent for the months subsequent to the time that the lease expired and prior to the time that the premises were leased to another tenant. The allegations with reference to the lease may be regarded as surplusage or as introductory merely, and there still remain allegations of fact which, if true, would sustain a recovery.

· [2] Again, the defendant insists that no judgment will be rendered against it because the possession was surrendered in response to a demand on the part of the agents of the plaintiffs that a formal lease be executed or that the premises be vacated. The evidence will not sustain this position. As stated, there were negotiations during the month of August, prior to the expiration of the lease, relative to a future tenancy, but the parties never agreed. We cannot hold, under the evidence, that the defendant vacated the premises on November 1 in response to a demand to so vacate or execute a formal lease.

[3] Defendant further contends that, after the expiration of the lease, the tenancy that existed between it and the plaintiffs was one by sufferance and it had a right to vacate at any time. This argument is predicated upon the assumption that the defendant obtained possession of the premises wrongfully, that is, without the consent of the owner or other person having the

right to give such consent. When Gill and Fahey vacated the premises and the defendant entered, there was in legal effect an assignment of the lease for the balance of the term, to which no one had the right to object except the plaintiffs. They acquiesced in the defendant's possession prior to the time the lease expired, and they ratified it by accepting rent after the expiration of the lease. Rem. Comp. Stat., § 10619 [P. C. § 3554], provides:

"When premises are rented for an indefinite time, with monthly or other periodic rent reserved, such tenancy shall be construed to be a tenancy from month to month, or from period to period on which rent is payable, and shall be terminated by written notice of thirty days or more, preceding the end of any of said months or periods, given by either party to the other."

The relation between the plaintiffs and the defendant after August 31, when the formal lease expired, was that of a tenancy from month to month. The tenancy was then for an indefinite time and monthly rent was being paid and accepted.

[4] Upon the cross-appeal by the plaintiffs, the only question is as to when the tenancy from month to month ended. The section of the statute above quoted provides that such a tenancy "shall be terminated by written notice of thirty days or more, preceding the end of any of said months . . . given by either party to the other." The notice in this case was not given until November 3, and therefore it would not terminate the tenancy until the thirty-first day of December. It was not given more than thirty days before the thirtieth day of November, but was given more than thirty days prior to the thirty-first day of December.

[5] It is argued, however, that the notice was not sufficient.

The statute simply provides for "written notice," but does not specify what such notice shall contain. The notice given was in writing and informed the plaintiffs that the premises had been vacated for the reason that it was not willing to sign a lease for the period of one year. The notice further informed the plaintiffs that they were at liberty to take full possession of the building "on this date" and that the keys were being sent in a separate enclosure. While the notice was in form and in substance such as not to be recommended, it nevertheless was sufficient to terminate the tenancy and relieve the defendant from liability for rent after December 31.

Many of the authorities cited by the plaintiffs in support of their cross-appeal have to do with what a notice shall contain, when given by a landlord to the tenant for the purpose of terminating the tenancy and enabling the landlord to enter into possession. It may be that the notice, such as here given, would not be sufficient if given by the landlord, in that it does not specifically fix a time when the tenancy shall be terminated and possession demanded. That question, however, is not now before us and it will not be discussed or decided.

Upon both appeals, the judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.